IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VICKI JO CHAIMBERLAIN, and EDWARD J. KUNSMAN, | ) ) ) | CIVIL ACTION NO. 3:14-167 |
| Plaintiffs, | ) ) ) | JUDGE KIM R. GIBSON |
| v. | ) ) | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

**I.  Introduction**

Pending before the Court is a motion for partial summary judgment (ECF No. 26) filed by Defendant State Farm Mutual Automobile Insurance Company, with respect to Counts I and II of Plaintiffs Vicki Jo Chamberlain and Edward J. Kunsman's amended complaint filed on September 3, 2014, (ECF No. 8).[1] This matter has been fully briefed (*see* ECF Nos. 27, 28, 29, 30, 31, 32) and is ready for disposition. For the reasons that follow, Defendant's motion for summary judgment will be **DENIED**.

**II.  Jurisdiction and Venue**

The Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1332. Venue is proper under 28 U.S.C. § 1391(b).

---

[1] The case caption incorrectly refers to Plaintiff Vicki Jo Chamberlain as Vicki Jo Chaimberlain. Although a motion to amend the case caption has not been filed, the Court will refer to Ms. Chamberlain as her name is listed in the insurance policy at issue in this matter.

### III. Procedural and Factual Background

This matter relates to an insurance coverage dispute involving Plaintiff Edward J. Kunsman's claim for underinsured motorist benefits ("UIM benefits") under an automobile insurance policy that Defendant issued to Plaintiff Vicki Jo Chamberlain. (ECF Nos. 28 ¶ 1; 31 ¶ 1.) Mr. Kunsman was injured in a motor-vehicle accident on November 9, 2013, while he was working near an active construction zone as a flagger for his employer, Buckley Construction Company. (ECF Nos. 28 ¶¶ 3-4; 31 ¶¶ 3-4.) The at-fault tortfeasor carried $50,000.00 of bodily injury liability coverage, which was paid to Mr. Kunsman. (ECF Nos. 28 ¶¶ 32; 31 ¶¶ 32.)

At the time of the accident, Ms. Chamberlain maintained a policy of automobile insurance with Defendant, No. 5389988-B18-38V ("the Policy"). (ECF Nos. 28 ¶ 5; 31 ¶ 5.) The Policy carried up to $15,000.00 per person. (ECF Nos. 28 ¶ 6; 31 ¶ 6.) The Policy provides in part:

> Definitions
>
> You or your means the named insured or named insured shown on the declarations page . . . .
>
> Resident Relative means a person, other than you, who resides primarily with the first person shown as the named insured on the declaration page who is:
>> Related to that named insured or his or her spouse by blood, marriage, or adoption . . . .
>
> Underinsured Motor Vehicle Coverages
>
> Additional Definitions
>> Insured means:

>    1. You;
>    2. Resident Relatives; . . . .
>
> Insuring Agreement
>
> We will pay compensatory damages for bodily injury that an insured is legal entitled to recover from the owner or driver of an uninsured motor vehicle. The bodily injury must be:
>    1. Sustained by an insured; . . . .

([ECF No. 28 ¶ 9](); [31 ¶ 9.]())

The Policy's declaration page provides that Ms. Chamberlain is the principal driver of the vehicle; Mr. Kunsman is not the named insured on the declaration page. ([ECF Nos. 28 ¶¶ 7-8](); [31 ¶¶ 7-8.]()) The Policy's declaration page provides that Ms. Chamberlain is a single female. ([ECF Nos. 28 ¶ 7](); [31 ¶ 7](); *see also* [ECF No. 31-1 at 3.]()) Ms. Chamberlain did not inform Defendant that the declaration page's indication that she was a single female was inaccurate. ([ECF Nos. 28 ¶ 10](); [31 ¶ 10.]())

Ms. Chamberlain and Mr. Kunsman began dating in 1995 or 1996. ([ECF Nos. 28 ¶ 11](); [31 ¶ 11.]()) In December 1996, Mr. Kunsman presented Ms. Chamberlain with a ring, which she accepted. (*See* [ECF Nos. 28 ¶¶ 12-13](); [31 ¶¶ 12-13.]()) Ms. Chamberlain could not recall the exact words that Mr. Kunsman used when he presented her with the ring. (*See* [ECF Nos. 28 ¶ 12](); [31 ¶ 12.]()) Ms. Chamberlain and Mr. Kunsman have lived together since March 1997. ([ECF Nos. 28 ¶ 14](); [31 ¶ 14.]()) Ms. Chamberlain and Mr. Kunsman did not participate in a marriage ceremony at any time after December 1996, and they did not exchange any vows with the specific purpose of establishing a present tense marital

relationship after December 1996. (ECF Nos. 28 ¶¶ 15-16; 31 ¶¶ 15-16.) Ms. Chamberlain and Mr. Kunsman have two children, born in 1998 and 2000. (ECF Nos. 28 ¶ 17; 31 ¶ 17.)

At the time of the accident, Ms. Chamberlain and Mr. Kunsman were not covered by any applicable health insurance policies. (ECF Nos. 28 ¶ 18; 31 ¶ 18.) The children were covered by health insurance policies maintained by the Department of Public Welfare. (ECF Nos. 28 ¶ 18; 31 ¶ 18.) Ms. Chamberlain and Mr. Kunsman have two separate bank accounts. (ECF Nos. 28 ¶ 19; 31 ¶ 19.) Mr. Kunsman receives direct deposits through his employment into his bank account, and he transfers money from his bank account to Ms. Chamberlain's bank account to pay household bills. (*See* ECF No. 31 ¶ 19.) Ms. Chamberlain and Mr. Kunsman's utility bills are in one name with the other person listed as an "authorized user" on the account. (ECF Nos. 28 ¶ 20; 31 ¶ 20.)

Ms. Chamberlain and Mr. Kunsman have not identified themselves as "married" on state or federal tax returns, which were prepared by a third party. (ECF Nos. 28 ¶ 21; 31 ¶ 21.) Ms. Chamberlain has been unemployed for the majority of the years that she has been dating Mr. Kunsman. (ECF Nos. 28 ¶ 22; 31 ¶ 22.) When Ms. Chamberlain filed a tax return for 2013, her filing status was "single." (ECF Nos. 28 ¶ 23; 31 ¶ 23.) When Mr. Kunsman filed his tax returns, he did not inform his tax preparer that he and Ms. Chamberlain were married or that they were common-law spouses. (ECF Nos. 28 ¶¶ 24-25; 31 ¶¶ 24-25.) Mr. Kunman's federal and state tax returns indicate that he is "unmarried," "single," or "head of household." (ECF Nos. 28 ¶ 26; 31 ¶ 26.) When prompted on federal tax forms to identify his relationship with Ms. Chamberlain, Mr.

4

Kunsman indicated "none" or "other;" Mr. Kunsman testified that this was a mistake. (ECF Nos. 28 ¶ 27; 31 ¶ 27.) Ms. Chamberlain testified that applications submitted to the county assistance office stated that she and Mr. Kunsman were common-law spouses. (*See* ECF Nos. 28 ¶ 28; 31 ¶ 28.) Mr. Kunsman was unable to identify any documentary evidence establishing that he and Ms. Chamberlain were married. (ECF Nos. 28 ¶ 29; 31 ¶ 29.)

Plaintiffs filed a complaint against Defendant in the Court of Common Pleas of Blair County on July 3, 2014. (ECF No. 2 at 3-9.) After Defendant removed the action to this Court on August 7, 2014, (ECF No. 1), Plaintiffs filed an amended complaint on September 3, 2014, (ECF No. 8). Following the close of discovery, Defendant filed the present motion for summary judgment on May 22, 2015. (ECF No. 26.) Plaintiff filed a response in opposition on June 23, 2015. (ECF No. 29.) The matter has been fully briefed (*see* ECF Nos. 27, 28, 29, 30, 31, 32) and is ripe for disposition.

**IV.   Standard of Review**

A grant of summary judgment is appropriate when the moving party establishes that "'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Heffernan v. City of Paterson*, 777 F.3d 147, 151 (3d Cir. 2015) (quoting FED. R. CIV. P. 56(a)). A genuine issue of material fact is one that could affect the outcome of litigation. *Mahoney v. McDonnell*, 616 Fed. Appx. 500, 504 (3d Cir. 2015) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986)). However, "'[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party,

5

there is no genuine issue for trial.'" *Id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The initial burden is on the moving party to adduce evidence illustrating a lack of genuine issues. *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). Once the moving party satisfies its burden, the non-moving party must present sufficient evidence of a genuine issue, in rebuttal. *Id.* (citing *Matsushita Elec. Indus. Co.*, 475 U.S. at 587). When considering the parties' arguments, the Court is required to view all facts and draw all inferences in the light most favorable to the non-moving party. *Id.* (citing *Armbruster v. Unisys Corp.*, 32 F.3d 768, 777 (3d Cir. 1994)). Further, the benefit of the doubt will be given to allegations of the non-moving party when in conflict with the moving party's claims. *Bialko v. Quaker Oats Co.*, 434 Fed. Appx. 139, 141 n.4 (3d Cir. 2011) (citing *Valhal Corp. v. Sullivan Assocs.*, 44 F.3d 195, 200 (3d Cir. 1995)).

Nonetheless, a well-supported motion for summary judgment will not be defeated where the non-moving party merely reasserts factual allegations contained in the pleadings. *Id.* (citing *Williams v. Borough of West Chester*, 891 F.2d 458, 460 (3d Cir. 1989)). The non-moving party must resort to affidavits, depositions, admissions, and/or interrogatories to demonstrate the existence of a genuine issue. *Connection Training Servs. v. City of Philadelphia*, 358 Fed. Appx. 315, 318 (3d Cir. 2009) (citing *Celotex Corp.*, 477 U.S. at 324).

6

## V. Discussion

Defendant argues that summary judgment must be granted because Plaintiffs cannot establish that they are common-law spouses. In support of its argument, Defendant asserts that Mr. Kunsman presented Ms. Chamberlain with an engagement ring and that they did not exchange vows with the specific purpose of establishing a marital relationship. (ECF No. 27 at 4-5, 12.) Defendant also contends that Plaintiffs have failed to offer any evidence that they have a reputation as a married couple in their community. (*Id.* at 7, 12-13.) Defendant further notes that documentary evidence does not establish that Ms. Chamberlain and Mr. Kunsman are common-law spouses because Plaintiffs were identified as "single" on the Policy documents and on their tax returns. (*Id.* at 6, 13-14.)

In response, Plaintiffs argue that they exchanged their vows with the specific purpose of creating the legal relationship of husband and wife. (ECF No. 30 at 7-8, 11.) Plaintiffs further note that they have cohabitated since 1997 and that they have two children. (*Id.* at 8, 11.) Plaintiffs state that they jointly own a vehicle; they own their home together; they have an insurance policy on their home; and they obtained a mortgage in both of their names. (*Id.* at 8, 11-13.) Plaintiffs assert that they are known in their community as husband and wife. (*Id.* at 8, 11-12.) In reply, Defendant reiterates that Plaintiffs did not express a present-tense intention to enter into a marriage contract in December 1996. (ECF No. 32 at 3-4.) Defendant also notes that Plaintiffs are not entitled

7

to a rebuttable presumption in favor of a common-law marriage because both were available to testify regarding their exchange of *verba in praesenti*. (*Id.*)

In Pennsylvania, "[a] common law marriage can only be created by an exchange of words in the present tense, spoken with the specific purpose that the legal relationship of husband and wife is created by that." *Staudenmeyer v. Staudenmeyer*, 714 A.2d 1016, 1020 (Pa. 1998) (footnote omitted). "The common law marriage contract does not require any specific form of words, and all that is essential is proof of an agreement to enter into the legal relationship of marriage at the present time." *Id.* If there is no evidence of such a *verba in praesenti* exchange, a rebuttable presumption of common law marriage can be established by proof of: "(1) constant cohabitation; and, (2) a reputation of marriage "which is not partial or divided but is broad and general." *Id.* at 1020-21 (internal quotations omitted). However, where there is testimony regarding *verba in praesenti*, the presumption based on cohabitation and a reputation for marriage is inapplicable, and "the burden rests with the party claiming a common law marriage to produce clear and convincing evidence of the exchange of words in the present tense spoken with the purpose of establishing the relationship of husband and wife, in other words, the marriage contract." *Id.* at 1021.

The Pennsylvania legislature abolished the doctrine of common law marriage as of January 1, 2005. Specifically, the statute states that "[n]o common-law marriage contracted after January 1, 2005, shall be valid. Nothing in this part shall be deemed or taken to render any common-law marriage otherwise lawful and contracted on or before

January 1, 2005, invalid." 23 Pa.C.S. § 1103. Thus, for a common-law marriage to be valid and enforceable, those seeking to prove it must establish that it was contracted on or before January 1, 2005. *Stackhouse v. Stackhouse*, 862 A.2d 102, 108 (Pa. Super. Ct. 2004) (concluding that "the date on which the evidence establishes the creation of a common law marriage, if it establishes one at all, is a critical determination upon which depends the rule of law to be applied").

The issue before the Court is whether Plaintiffs have produced sufficient evidence to support their claim that they have a common-law marriage. As discussed above, summary judgment is proper when the moving party has established that there is no genuine dispute of material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). To prevail on a motion for summary judgment, the non-moving party must show specific facts such that a reasonable jury could find in that party's favor, thereby establishing a genuine issue of fact for trial. FED. R. CIV. P. 56(e). "While the evidence that the non-moving party presents may be either direct or circumstantial, and need not be as great as a preponderance, the evidence must be more than a scintilla." *Hugh v. Butler County Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005).

As Plaintiffs have conceded, the rebuttable presumption in favor of a common-law marriage based upon evidence of constant cohabitation and a reputation for marriage does not arise in this matter because Ms. Chamberlain and Mr. Kunsman were both available to testify regarding *verba in praesenti*. (*See* ECF No. 30 at 6.) Thus, Plaintiffs must establish a common-law marriage by presenting clear and convincing evidence of the

9

exchange of words in the present tense spoken with the purpose of establishing the relationship of husband and wife. *Staudenmeyer*, 714 A.2d at 1021.

Ms. Chamberlain signed an affidavit in which she stated, "In December of 1996 in the presence of James and Barbara Kunsman, [Mr. Kunsman's] parents, at their home, [Mr. Kunsman] and I exchanged our vows with the specific purpose of establishing a marital relationship." (ECF No. 31-5 ¶ 1.) Ms. Chamberlain further stated that "[p]receding the exchange of vows, [Mr. Kunsman] had presented me with a diamond engagement ring." (*Id.* ¶ 2.) Mr. Kunsman also signed an affidavit in which he stated, "In December of 1996 in the presence of James and Barbara Kunsman, my parents, at their home, [Ms. Chamberlain] and I exchanged our vows with the specific purpose of establishing a marital relationship." (ECF No. 31-6 ¶ 1.) He further stated that "[p]receding the exchange of vows, I presented [Ms. Chamberlain] with a diamond engagement ring." (*Id.* ¶ 2.) At her deposition, Ms. Chamberlain testified that she believed that Mr. Kunsman stated, "[W]ill you be my wife," when he presented her with the diamond ring in December 1996. (ECF No. 31-3 at 7.) Ms. Chamberlain further testified that Mr. Kunsman's mother asked her, "[Y]ou really want him to be your husband," and Ms. Chamberlain "said yes again." (*Id.*) Mr. Kunsman testified at his deposition that he asked Ms. Chamberlain to marry him in front of his parents and that he presented her with a diamond ring. (ECF No. 31-4 at 5.)

Having reviewed the evidence, the Court finds that Plaintiffs have established sufficient evidence to create an issue of material fact as to whether they exchanged words

10

in the present tense spoken with the purpose of establishing the relationship of husband and wife. As discussed above, it is well settled that "[t]he common law marriage contract does not require any specific form of words, and all that is essential is proof of an agreement to enter into the legal relationship of marriage at the present time." *Staudenmeyer*, 714 A.2d at 1020. "The words need not be formalized. Word[s] of taking or explicit performative utterances, such as 'I take you to be my wife' or 'I hereby marry you' are unnecessary." *State Farm Fire & Cas. Co. v. Platt*, 4 F. Supp. 2d 399, 404 (E.D. Pa. 1998). Because the Court may not make credibility determinations, it finds that a jury could conclude that the exchange between Plaintiffs in December 1996 is proof of an agreement to enter into the legal relationship of marriage. *See, e.g.*, *Anderson v. Astrue*, No. 3:08-CV-19, 2008 U.S. Dist. LEXIS 101342, at *13-15 (W.D. Pa. Dec. 16, 2008) (explaining that an administrative law judge, rather than the court, may make credibility determinations that the plaintiff failed to establish, by clear and convincing evidence, the existence of a common-law marriage); *Beswick v. City of Philadelphia*, 185 F. Supp. 2d 418, 430 (E.D. Pa. 2001) (stating that "[w]hether a valid common law marriage existed is a jury question" and that "[i]n the presence of sufficient facts to support a claim of common law marriage, the question becomes one for a jury to decide").

In support of their contention that they exchanged words in the present tense spoken with the purpose of establishing the relationship of husband and wife, Ms. Chamberlain and Mr. Kunsman testified that they have lived together continuously, without any separation, since March 1997. (ECF Nos. 31-3 at 7; 31-4 at 6.) Ms.

11

Chamberlain and Mr. Kunsman also signed affidavits in which they stated that they have lived together as husband and wife since March 1997. (ECF Nos. 31-5 ¶ 3; 31-6 ¶ 3.) They have two children together. (ECF Nos. 31-3 at 4; 31-5 ¶ 4; 31-6 ¶ 4.) Through testimony and their affidavits, Ms. Chamberlain and Mr. Kunsman have also presented evidence that they have owned a home together since 1999 and that they have an insurance policy and a mortgage on the home. (ECF Nos. 31-3 at 4-5; 31-5 ¶¶ 5-7; 31-6 ¶¶ 5-7.)

Regarding their reputation for marriage, Ms. Chamberlain, who did not provide names of individuals, testified that "people [who] worked at the school" and "people [who] have worked at the grocery store" refer to her and Mr. Kunsman as husband and wife. (ECF No. 31-3 at 7.) Regarding their finances, Ms. Chamberlain testified that Mr. Kunsman opened a separate bank account in 2013 when he began a new job because she "want[s] her numbers exact," whereas Mr. Kunsman "likes to round things." (Id. at 5-6.) Ms. Chamberlain stated that Mr. Kunsman transfers money from his bank account into hers for bills and spending money. (Id. at 6.) Regarding documentary evidence, Ms. Chamberlain testified that she and Mr. Kunsman indicated on county assistance applications that they were married by common law. (Id. at 8.) Ms. Chamberlain testified that she did not notify Defendant to correct the statement that she was a single female and that her tax returns indicated that she was single. (Id. at 8-9.) In discussing her tax returns, Ms. Chamberlain testified that her filing status was single "because there is no paperwork stating that we are . . . [m]arried." (Id. at 10.) Similarly, Mr. Kunsman testified

12

that he identified his tax filing status as unmarried because he and Ms. Chamberlain do not have a marriage license. (ECF No. 31-4 at 6.)

Having thoroughly reviewed the record in this matter, the Court concludes that the evidence is sufficient to create a genuine issue of material fact that a jury must resolve. Specifically, the jury must determine whether Plaintiffs have proven by clear and convincing evidence that a common-law marriage was created by an "exchange of words in the present tense, spoken with the specific purpose that the legal relationship of husband and wife is created." *See Staudenmeyer*, 714 A.2d at 1020. *Compare Beswick*, 185 F. Supp. 2d at 429-31 (denying summary judgment and holding that a jury must determine whether a presumption of common-law marriage applied where there was no evidence of a *verba in praesenti* exchange and the plaintiff indicated that he was "single" on his life-insurance form, but there was evidence that the parties had lived together for eleven years and considered themselves to be married), *with Faber v. TGI-Friday's Inc.*, 148 F. Supp. 2d 556, 559 (E.D. Pa. 2001) (granting summary judgment where "the only evidence of the parties' common law marriage is the plaintiffs' averments that they have lived together as husband and wife for over ten years"), *and Platt*, 4 F. Supp. 2d at 405 (granting summary judgment and finding that there was no question of material fact for the jury regarding a common-law marriage where the nature of the relationship was "intermittent" because the parties frequently separated and maintained separate residences). *See also Giant Eagle v. Workmen's Comp. Appeal Bd. (Bahorich)*, 602 A.2d 387, 389-90 (Pa. Commw. Ct. 1992) (finding that the claimant and decedent were not common-law spouses where the

13

claimant did not prove a *verba in praesenti* exchange, the parties were known to only a few people as husband and wife, the decedent charged the claimant rent, and the claimant represented his marital status as divorced).

## VI.     Conclusion

For the foregoing reasons, Plaintiffs, the nonmoving party, have established sufficient evidence from which a reasonable jury could return a verdict in their favor. The Court finds that Defendant has not met its burden of showing the absence of disputed material facts. Accordingly, because issues of material fact exist, Defendant's motion for summary judgment is **DENIED**.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VICKI JO CHAIMBERLAIN, and<br>EDWARD J. KUNSMAN, | ) ) ) | CIVIL ACTION NO. 3:14-167 |
| Plaintiffs, | ) ) | JUDGE KIM R. GIBSON |
| v. | ) ) | |
| STATE FARM MUTUAL AUTOMOBILE<br>INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) | |

## ORDER

**AND NOW**, this 12th day of May, 2016, upon consideration of Defendant State Farm Mutual Automobile Insurance Company's motion for partial summary judgment (ECF No. 26) and the parties' briefing of Defendant's motion (ECF Nos. 27, 28, 29, 30, 31, 32), and for the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment (Doc. No. 26) is **DENIED**. **IT IS FURTHER ORDERED** that a post-discovery status conference is scheduled for May 19, 2016, at 10:00 a.m.

BY THE COURT:

_____
KIM R. GIBSON
UNITED STATES DISTRICT JUDGE